*156
 
 Ruffin, C. J.
 

 As the answer is silent upon the charge of the insolvency of Hoover’s estate, we assume it as established, for the purpose of the motion to dissolve the injunction. For, in this stage of the cause, every thing is to be presumed against the defendant in respect of any matter, to which he could answer directly and has not so answered.
 

 Though some of the suits at.law, brought by the present plaintiff, were for demands, which he states in the bill were items in the partnership accounts, yet there was no suit directly on the partnership dealings; and as only the suits pending between the parties were" referred, the award does not, therefore, conclude the parties on the point of a settlement of the partnership. The plaintiff would therefore be entitled to come into this court to have the benefit of the equitable set off of the sum due him. on the partnership, if any : and, especially, in the case, which we here take for granted, of the insolvency of the plaintiff at law. But we are not satisfied, that the plaintiff is entitled to any such set off. ft is not sufficient, that he should shew that there have been transactions between him and the other party, on which, possibly, a sum of money may be coming to him. Upon a bare possibility of that sort the Court ought not to tie up an undoubted creditor, who has established his debt at law, from reaping the benefit of his recovery. The present plaintiff says, that there was a certain partnership between himself and the defendant’s intestate, which was dissolved in 1838, but has never been settled, up to 1843 : and upon which, if settled, a large balance will be due him, the plaintiff. This result the defendant, who is an administrator, cannot deny positively, because he says he has no knowledge of his own upon the subject. But he denies it as far as an honest man can deny it: which is upon his information and belief. And he states the sources and particulars of his information, so that it may appear whether his belief, deduced therefrom, be fair and reasonably entertained. The answer does not aver, that the partners actually came to an account and that a balance was found due to Hoover: but it states, that, in the course of a judicial investigation,'credible witnesses proved,
 
 *157
 
 that the plaintiff himself said that they had dissolved upon terms, which, ot themselves, imported that owed nothing on that transaction. The fair meaning of the statement is, that Hoover simply retired from the firm, giving up any thing be may have advanced, and leaving Parks to pay for all the property and to have it. And the answer further states, that, if such settlement had not really been made and an account were taken, the defendant from information believes the balance would be found due to Hoover, and not to the plaintiff, We do not see, that more could have been expected in an administrator’s answer; and it strikes us as making a candid statement upon the material points, and, as fully as it could, deuying any sum to be due to the plaintiff, and as entitled to more credit in that respect, than if the denial had been less scrupulous and more peremptory. But' the answer does not constitute the entire case against the plaintiff. Much more is to be inferred from the vagueness of the statements of the bill, and from its suppressions on matters peculiarly within the plaintiff’s knowledge. It merely states a partnership to transport the mail : but as to the terms, the capital and how much each was to advance, or what personal services to render, or how share the profits, there is not a word in the biil. Then it states, that the next year after the business began, the plaintiff took all the partnership effects to himself: but at what price, when or how payable, or upon what other terms is wholly suppressed. How are the accounts of such a partnership to be taken
 
 7
 
 There is nothing to begin with : though the plaintiff, as the surviving partner, is the person best, and, perhaps, alone capable of furnishing the requisite data for the action of the court. Besides all that, the bill does not even undertake to account, why, when there was so much litigation between the plaintiff and Hoover, in his life time, the plaintiff did not then file his bill for a settlement of the partnership, if it had not been settled, or why he did not propose to the defendant to include it in the reference, if he thought he could make it appear that any thing was coming to him thereon to cover the recovery that would be made a
 
 *158
 
 gainst him on other demands, We find, indeed, that the had brought some of those actions at law for demands, which the bill now states to have been partnership transactions. Upon the whole case we must say, that it wears the aspect of a suit, not to get an account, but to get an injunction for the time being ; and, therefore, that there is no error in the decree. This will be accordingly certified to the conrt below.
 

 The plaintiff must pay the costs in this court.
 

 Per Curiam, Ordered accordingly.